# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| CARL D. GORDON,<br>    Plaintiff, | )<br>)<br>) | Civil Action No. 7:15cv00095 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| DIRECTOR FRED SCHILLING, *et al.*,<br>    Defendants. | )<br>) | By: Norman K. Moon<br>United States District Judge |

Carl D. Gordon, a Virginia inmate proceeding *in forma pauperis* and *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 naming two defendants: Fred Schilling, the Health Services Director for the Virginia Department of Corrections ("VDOC"), and Dr. Mark Amonette, the Chief Physician for the VDOC. Gordon argues that defendants drafted or implemented policies that violated due process and equal protection and constituted deliberate indifference to his Hepatitis C ("HCV") infection. I previously granted defendants' motion for summary judgment as to all claims except the claim about a policy change in 2011, and I directed defendants to file another motion for summary judgment addressing the statute of limitations for that remaining claim.[1] Defendants filed the requested motion, and Gordon filed a motion for reconsideration of the prior grant of summary judgment. Upon consideration of this action, I conclude that defendants are presently entitled to summary judgment for the remaining claim and that Gordon's motion for reconsideration does not warrant relief.

---

[1] A court may raise the limitations defense *sua sponte* in an *in forma pauperis* prisoner case where the defense plainly appears in the complaint, like in this case, for efficiency and to conserve scarce judicial resources. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006); *see Holsey v. Bass*, 519 F. Supp. 395, 410-11 (D. Md. 1981) ("If a plaintiff wishes to see if affirmative defenses will be waived by the defendant the plaintiff can pay the filing fee and foreclose the courts from raising the defenses *sua sponte*."). By ordering the motion for summary judgment, Gordon received more notice and opportunity to respond to the defense than if I had adjudicated the defense *sua sponte* while considering the first motion for summary judgment. Despite the notice and opportunity, Gordon does not challenge either the consideration or the application of the defense even though the court's notice entered on October 5, 2016, warned him that the court will assume he agrees with defendants' arguments if he does not respond to the second motion for summary judgment.

**I.**

It is not disputed that Gordon learned he was HCV positive in March 2008 while at Red Onion State Prison. Pursuant to the VDOC's HCV treatment policy in effect between 2004 and 2014, the doctor at Red Onion State Prison added Gordon to the HCV chronic care list in March 2008. By being added to the list, Gordon expected to receive two free liver function blood tests and exams per year.

In 2011, VDOC policy changed to allow one blood test and exam per year instead of two. Gordon filed an administrative grievance on April 28, 2011, about the change, and after it was denied, he appealed to Schilling. Schilling upheld the grievance's denial on June 17, 2011, and Gordon commenced this action no earlier than February 24, 2015, which is the earliest date he could have handed the complaint to prison officials for mailing via the prison mailing system.

**II.**

When considering a § 1983 claim, a court must apply the state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Virginia, every action for personal injuries, and therefore § 1983 claims, "shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A); *Billups v. Carter*, 604 S.E.2d 414, 419 (Va. 2004). Accrual begins "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). Gordon knew of the facts supporting this claim as early as April 28, 2011, when he filed a regular grievance about the policy change, and thus, he should have commenced this action by April 28, 2013. However, he waited until February 2015, long after the limitations period expired, to pursue the claim. Accordingly, I will grant defendants' second motion for summary judgment because the remaining claim is barred by the statute of limitations.

**III.**

Gordon's motion for reconsideration of the court's prior, non-final memorandum opinion and order falls under Federal Rule of Civil Procedure 54(b). *See, e.g., Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991). The adjudication of such a motion is committed to the discretion of the district court. *Am. Canoe Ass'n*, 326 F.3d at 515 (citing *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (noting that earlier decisions of a court become law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." (internal quotation marks omitted))).

Gordon contends in his motion for reconsideration that I erroneously relied on Schilling's and Dr. Amonette's averments that they do not render medical services to VDOC inmates and instead serve as administrators for the VDOC's Heath Services Unit. Gordon faults Schilling and Dr. Amonette for not approving him for specific HCV treatments. Gordon argues that the system does not work by putting the cart before the horse; he writes, "[N]o health care provider at a prison facility was allowed to provide me curative HCV treatment without expressly being told to do so by . . . Schilling and Dr. Amonette."

But, the record reflects that facility medical personnel, and not administrators Schilling and Dr. Amonette, were responsible for identifying and seeking approval for those HCV treatments. No facility doctor notified Schilling or Dr. Amonette that Gordon needed or qualified for those HCV treatments or otherwise sought Schilling's or Dr. Amonette's approval for the treatment regimen. No reasonable trier of fact could find that Schilling and Dr. Amonette were deliberately indifferent by not authorizing treatments not requested by Gordon's facility

3

doctors. Furthermore, I decline to consider arguments raised for the first time in the instant motion after the disposition of the first motion for summary judgment. *See, e.g.*, *Speziale v. Bethlehem Area Sch. Dist.*, 266 F. Supp. 2d 366, 371 n.3 (E.D. Pa. 2003) (noting a plaintiff could not reasonably expect to amend the complaint after the close of discovery by raising new arguments in the papers responding to a motion for summary judgment); *OTA Ltd. P'ship v. Forcenergy, Inc.*, 237 F. Supp. 2d 558, 561 n.3 (E.D. Pa. 2002) (holding that a new claim that was first raised in opposition to a motion for summary judgment was "too late"); *Bulkoski v. Bacharach, Inc.*, 1 F. Supp. 2d 484, 487 (W.D. Pa. 1997) (holding that after a summary judgment argument, "it is too late for plaintiff to change his theory of the case"), *aff'd*, 149 F.3d 1163 (3d Cir. 1998) (table decision). Moreover, none of Gordon's arguments or list of alleged errors is persuasive to show the existence of a dispute of material fact or that the interlocutory opinion and order was clearly erroneous or constitutes a manifest injustice. Accordingly, I will deny the motion for reconsideration.

### IV.

For the reasons stated, I will grant the defendants' second motion for summary judgment and deny Gordon's motion for reconsideration.

**ENTER**: This 31st day of August, 2017.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

4